WENTWORTH, Judge,
dissenting.
Even assuming applicability of the 1974 statutory amendment to the employer who retained the impaired claimant in 1972, I would affirm.
The order and record would indicate to me that before claimant’s second accident in this employment the employer reached *957 an “informed conclusion” that claimant’s permanent impairment was “likely to be a hindrance or obstacle to employment.” § 440.49(2)(f), Florida Statutes. While some employers might conceivably evidence a state of mind in some formal or definitive way when an impaired employee returns to work, that requirement seems to me to be highly artificial. The more usual and more reasonable situation will, I think, be that which is presented in this case, where the employer has acted with full knowledge of all the pertinent facts. This clearly fulfills the statute’s intent to reward an employer’s informed decision to employ or retain an impaired worker.
Because the employer here was a party to the first agreement for permanent disability compensation generated by arm impairment and other injuries; because this employer should be presumed to know the nature of claimant’s work in woodcraft and the likelihood of some hindrance in that employment from a permanent arm impairment; and because that forseeable hindrance has now occurred by merger of the injuries to each arm, I would affirm the deputy’s order for reimbursement.